# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MAGUS JR AHNEND,

      Plaintiff,

v.

                                CIVIL ACTION NO. 5:26-cv-00199

CHRISTINA KOSTENKO, *Esq.,*
*in her individual and official capacity*, and
ROBERT DUNLAP, *Esq.,*
*in his individual and official capacity*, and
TOMI PECK, *Magistrate, in her individual*
*and official capacity*, and
MICHAEL FROBLE, *Circuit Court Judge,*
*in his individual and official capacity*, and
TIM DEEMS, *Magistrate, in his individual*
*and official capacity*, and
ALEXANDRIA MILLER, *Esq.,*
*in her individual and official capacity*, and
RACHAEL L. FLETCHER CIPOLETTI,
*Chief Lawyer, Disciplinary Counsel, in her*
*individual and official capacity*, and
DAVE TOLLIVER, *President of the*
*Raleigh County Commission, in his individual*
*and official capacity*, and
JACOB MISSILE, *WV State Trooper,*
*in his individual and official capacity*, and
PATSY LAMP, *Attorney/Former Magistrate,*
*Raleigh County (Served Mar 8 – December 31, 2024),*
*in her individual and official capacity*, and
ALICE MCCLURE, *Case Coordinator with the Office of*
*the Public Defender, in her individual and official capacity*,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Magus Jr. Ahnend's (1) *pro se* objections [ECF 13], filed April

29, 2026, to the Proposed Findings and Recommendation (PF&R") [ECF 11] entered by the

Honorable Omar J. Aboulhosn, United States Magistrate Judge, on April 28, 2026, (2) Motions for Recusal and Disqualification of Magistrate Judge Aboulhosn [ECF 14, 21], filed May 1 and 21, 2026, (3) Three Motions to Consolidate Cases [ECF 15, 16, 17], filed May 8, 11, and 13, 2026 (4) Motion for Appointment of Pro Bono Counsel [ECF 18], filed May 15, 2026, (5) Motion to Join Cody Parsons III as a Defendant or Alternative Motion for Leave to Amend Complaint to Add Mr. Parsons as a Defendant [ECF 19], filed May 15, 2026, (6) Emergency Motion to Stay All Proceedings in Civil Action Nos. 5:26-cv-199, 5:26-cv-281, 5:26-cv-291 Pending Resolution of the PF&R Objections [ECF 20], filed May 21, 2026, and (7) Emergency Motion to Seal Proposed Amended Complaint ECF No. 10 and Exhibits [ECF 22], filed May 26, 2026.

## I.

This action was previously referred to Magistrate Judge Aboulhosn, for submission of a PF&R. Magistrate Judge Aboulhosn filed his thirty-one-page PF&R on April 28, 2026, [ECF 11], in which he addressed -- in detail -- Mr. Ahnend's numerous claims for alleged violations of his constitutional and civil rights under, *inter alia*, 42 U.S.C. §§ 1983, 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, and the Americans with Disabilities Act ("ADA"). The entirety of Mr. Ahnend's claims arise from (1) his admittedly falsified domestic violence-related police report against his former partner, Cody Parsons, III, made in December 2024, (2) his resulting criminal prosecution for the same in the Circuit Court of Raleigh County, (3) his unsuccessful, February 2024 Domestic Violence Petition and Emergency Protective Order sought against Mr. Parsons and related proceedings in the Magistrate and Family Courts of Raleigh County, and (4) his successful, March 2025 Petition for Personal Safety Order against Mr. Parsons and related proceedings in the Magistrate Court of Raleigh County. [*See* ECF 11 at 4-9].

2

Magistrate Judge Aboulhosn recommended the Court deny Mr. Ahnend's Application to Proceed Without Prepayment of Fees or Costs, dismiss Mr. Ahnend's Complaint, and remove this matter from the docket. Specifically, Magistrate Judge Aboulhosn recommended denial of Mr. Ahnend's *in forma pauperis* status and dismissal of his Complaint inasmuch as Mr. Ahnend's allegations are frivolous, malicious, and/or fail to state a claim upon which relief can be granted as contemplated by 28 U.S.C. § 1915(e)(2)(B).[1] Mr. Ahnend timely objected to the PF&R on April 29, 2026. [ECF 13].

## II.

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection ... is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted)); *see also Howard v. Sec'y of Health & Human*

---

[1] The PF&R highlights multiple jurisdictional shortcomings with Mr. Ahnend's Complaint as set forth in detail in pages 12-14 therein. [*See, e.g.*, ECF 11 at 13 ("Clearly, this Court lacks jurisdiction under Section 1332 because the Plaintiff and the named Defendants are West Virginia citizens."); *id*. ("While the Plaintiff alleges a species of federal question as the basis for this Court's jurisdiction, this Court cannot consider the Plaintiff's claims even under its supplemental jurisdiction because he has failed to state any other claim for which relief can be granted over which this Court has original jurisdiction."); *id*. ("In this action, the Plaintiff has couched his claims against Defendants in constitutional terms as a pretext to allow a state law issue to be relitigated in federal court. The Fourth Circuit has determined such maneuvers do not satisfy Section 1331 jurisdiction.").

3

*Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). A court, therefore, need not, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court notes Mr. Ahnend spends the balance of his twenty-eight-page objections disagreeing with the Magistrate Judge's conclusions by reiterating his initial claims and accusations against the Defendants without any evidentiary support, aside from his own bare assertions. To the extent Mr. Ahnend generally "objects" to Magistrate Judge's characterization of his claims as "frivolous" or "unsubstantiated," the objection is meritless considering Mr. Ahnend's continued and persistent conclusory allegations lacking in both factual and evidentiary support. Nonetheless, Mr. Ahnend has made a few cognizable and substantive objections warranting review. The Court first addresses Mr. Ahnend's objections before turning to his recusal motion.

## III.

### A.   *Mr. Ahnend's Objections to the PF&R*

Mr. Ahnend first objects to the Magistrate Judge's conclusion that he failed to plausibly allege he was denied a public service based on a qualified disability, rendering his asserted ADA claims meritless. Mr. Ahnend appears to assert his attached medical records are supporting evidence of his claims. Specifically, he contends if "the records are substantive enough to seal and substantive enough to quote, the allegations they document are factually supported," and "the PF&R proved the records' substance by quoting them." [ECF 13 at 5]. Mr. Ahend goes on to assert -- in conclusory fashion -- that Trooper Missile, "as a state actor conducting a law enforcement service, was legally required to accommodate [his] documented disabilities during

4

the December 21 interrogation," but "failed to provide medical breaks, medical attention for a visibly broken foot, or any modification of interrogation technique for an autistic individual in acute physiological crisis with a documented heart rate of 145 BPM." [*Id*. at 14].

As explained by the Magistrate Judge, while Mr. Ahnend relies heavily on a self-referred psychological report performed on March 11, 2025, as supporting evidence for his asserted disabilities and ADA claims, the contents of the report bear no logical connection to the same inasmuch as the report was conducted three months *after* the December 21, 2024, "interrogation" by Trooper Missile. [*See* ECF 10-2 at 2-5]. Moreover, as explained by the Magistrate Judge, Mr. Ahnend alleged his qualifying disabilities in his Complaint as "Chronic Eosinophilic Leukemia (CEL/HES), a terminal blood cancer," and "Autism Spectrum Disorder," [ECF 11 at 27 (quoting ECF 10 at ¶¶ 430, 436)], asserting these conditions cause both physical and mental limitations. Respecting Trooper Missile and the December 21, 2024, interrogation, however, Mr. Ahnend makes no mention of these conditions and merely specifies Trooper Missile observed his "disfigured and bruised foot" [*Id*. at 28 (quoting id. at ¶ 445)] without providing any additional information as to how his injured foot impacted the interrogation or what accommodation was needed.

To the extent Mr. Ahnend now asserts Trooper Missile denied him needed medical attention for his "visibly broken foot," Mr. Ahnend's own medical records appear to negate that assertion. Indeed, the records demonstrate Mr. Ahnend sought and received medical treatment for his broken foot on December 19, 2024, [ECF 10-2 at 18] two days *before* the alleged interrogation with Trooper Missile on December 21, 2024. The physician note explains Mr. Ahnend broke his foot on December 7, 2024, sought treatment from Appalachian Regional Hospital for the break, and was currently "wearing a walking boot[,]" "using crutches[,]" and not "taking anything for

5

pain." [*Id*. at 22]. Simply put, Mr. Ahnend's own supporting exhibits appear to directly contradict any assertion that he was in medical distress and in need of some accommodation due to his injured foot, which was ignored by Trooper Missile, during the December 21, 2024, interrogation. Mr. Ahnend's objection is thus meritless.

Mr. Ahnend next objects to Magistrate Judge Aboulhosn's warning in the PF&R that "filing future frivolous or factually unsupported actions may result in appropriate sanctions against [Mr. Ahnend] including any sanctions available under Fed. R. Civ. P. 11" [ECF 11 at 30] given the "numerous instances in [Mr. Ahnend's] Amended Complaint where [he] made contradictory allegations or where he alleged facts that were shown to be patently false by his own supporting exhibits." [*Id*. at 29]. Mr. Ahnend asserts the warning is procedurally defective and should be stricken inasmuch as Rule 11(c)(3) "requires a show-cause order before any sua sponte sanction." [ECF 13 at 23]. Mr. Ahnend's contention is misplaced.

Rule 11(c)(1) generally permits a court to impose an appropriate sanction on a responsible party who violates Rule 11(b), after the party has been afforded a reasonable opportunity to respond. *See* Fed. R. Civ. P. 11(c)(1). Rule 11(c)(3) further provides a court *may*, on its own, "order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)" before imposing sanctions. Fed. R. Civ. P. 11(c)(3). Magistrate Judge Aboulhosn merely *warned* Mr. Ahnend of the possible Rule 11 consequences in the event he continues to file frivolous actions; he did not actually *impose* such sanctions before providing Mr. Ahnend an opportunity to respond. There is thus no actionable error present with respect to the warning.

Lastly, Mr. Ahnend objects to the PF&R's recommendation that his Complaint be dismissed with prejudice. [ECF 13 at 21]. He asserts the recommendation is in direct contravention

of binding precedent from our Court of Appeals, which prohibits the dismissal of a *pro se* complaint with prejudice where the complaint can be remedied by amendment. [*Id*. (citing *Goode v. Central Va. Legal Aide Society, Inc.*, 807 F.3d 619 (4th Cir. 2015)]. He further contends that given "[t]he grounds for dismissal here are predominantly pleading deficiencies" he must be "grant[ed] leave to file a Second Amended Complaint." [*Id*.].

First, nowhere in the PF&R does Magistrate Judge Aboulhosn recommend dismissal of Mr. Ahnend's Complaint with prejudice, and our Court of Appeals has recognized that Congress did not intend "a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice." *Nagy v. FMC Butner*, 376 F.3d 252, 258 (4th Cir. 2004). Nevertheless, contrary to Mr. Ahnend's assertion,  Magistrate Judge Aboulhosn's recommended grounds for dismissal are far beyond mere "pleading deficiencies" curable by amendment. Indeed, Magistrate Judge specifically found as follows:

> As an additional matter, the Fourth Circuit also held that federal courts lack jurisdiction to hear "frivolous constitutional claims", which the Court defined as claims wherein a litigant "frames a pretextual federal issue solely for the purpose of having a state law claim adjudicated in the federal system." *Davis*, 856 F.2d at 651. In this case, the gravamen of the Plaintiff's complaint concerns the prosecution of criminal misdemeanor offenses against him in the Magistrate Court of Raleigh County, West Virginia, the State's dismissal of a felony offense against the Plaintiff's former partner and roommate, and the State civil proceedings surrounding the Plaintiff's petitions for personal safety orders and domestic violence protections orders in the Magistrate/Family Courts of Raleigh County, West Virginia and Circuit Court of Raleigh County, West Virginia – these events do not trigger federal question jurisdiction, and are by definition, "frivolous" claims that cannot be remedied by amendment and should not be entertained in this Court.

[ECF 11 at 13-14; *see also id*. at 17 ("Additionally, [Mr. Ahnend] does not allege any specific facts with respect to how Ms. Cipoletti, Mr. Dunlap, Ms. McClure, or Mr. Duckworth violated [his] civil rights, let alone committed any constitutional or federal statutory infractions warranting this Court's jurisdiction over these individuals. Thus, because [Mr. Ahnend] does not provide any

7

factual support for his claims entitling him to relief, [his] Complaint is not salvageable even if he were permitted to amend them (again) in the spirit of *Denton v. Hernandez*, *supra*.")].

The Court finds no error in these conclusions. It is apparent the frivolity of the allegations contained in Mr. Ahnend's Complaint cannot be cured by mere amendment and granting him leave to amend would be nothing more than an exercise in futility and a waste of judicial resources. Moreover, Mr. Ahnend has already twice amended his Complaint to no good end. [*See id*. at 2 n.3].[2] The Court has also considered the remainder of Mr. Ahnend's objections and finds them to be equally without merit and now turns to his pending Motions to Recuse Judge Aboulhosn.

**B.      *Mr. Ahnend's Motions to Recuse Magistrate Judge Aboulhosn***

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Our Court of Appeals has observed that the test is an objective one, requiring a judge to "disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). In other words, the proper inquiry to be applied is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (quoting *United States v. DeTemple*, 162 F.3d

---

[2] Though Mr. Ahnend has again moved to amend his Complaint since the filing of the PF&R, the proposed amendment does not seek to change his existing allegations but merely seeks to add Cody Parsons as a Defendant. [ECF 19 at 1 ("This motion does not seek to amend the operative complaint or introduce new factual allegations . . . This motion seeks only to formally align [Mr. Parsons'] party status with the existing pleading record.")]. Inasmuch as the proposed joinder of Mr. Parsons fails to cure the frivolous nature of the Complaint, the Motion [**ECF 19**] is **DENIED**.

279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Additionally, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotations omitted).

Section 455(b), in turn, provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Like Section 455(a), "§ 455(b)(1) carr[ies] an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545-551 (1994)). In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The High Court went onto explain that, without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555.

Mr. Ahnend seeks recusal of Magistrate Judge Aboulhosn in this matter and two of his other civil actions pending in this District: 5:26-cv-00281 and 5:26-cv-00291.[3] Mr. Ahnend

---

[3] Magistrate Judge Aboulhosn has filed a PF&R in 5:26-cv-00291, recommending dismissal of Mr. Ahnend's Complaint, to which Mr. Ahnend has objected. That matter is awaiting disposition by the undersigned. In 5:26-cv-00281, Magistrate Judge has granted Mr. Ahnend IFP

asserts Magistrate Judge Aboulhosn's findings and conclusions in his PF&Rs demonstrate he has "raised, developed, and decided the defendants' legal defenses – unsolicited, unilaterally, without adversarial briefing – while simultaneously characterizing the Plaintiff's claims as frivolous, delusional, and made in bad faith." [ECF 14 at 2]. He goes on to assert Magistrate Judge Aboulhosn has functioned as a "de facto defense counsel" and identifies the specific findings in this action and 5:26-cv-291 he maintains are supporting evidence of his assertion, many of the same that he contests in his objections. [*Id*. at 2-3].

Mr. Ahnend also contends, *inter alia*, Magistrate Judge Aboulhosn's *sua sponte* sealing of his medical records -- containing his personal identifying and medical information -- and subsequent use of those records as a "weapon" lacks "impartial adjudication" and "constitutes acquired extrajudicial knowledge[.]" [*Id*. at 3].

Upon review, it is apparent Mr. Ahnend's allegations of bias arise from his dissatisfaction with Magistrate Judge Aboulhosn's rulings, rather than some tangentially related extrajudicial source. Although Mr. Ahnend accuses Magistrate Judge Aboulhosn of acting as a "de facto defense counsel" to parties who had not yet been served as evidenced by the rulings contained in his PF&Rs, Magistrate Judge Aboulhosn was merely conducting the requisite pre-suit screening for *in forma pauperis* actions as contemplated by 28 U.S.C. § 1915. *See Nagy*, 376 F.3d at 256 ("This court has indicated the ability to dismiss frivolous complaints under § 1915—an ability which Congress not only maintained by strengthened through the 1996 amendments—confers

---

status and directed the named defendants be served. Mr. Ahnend appears to assert that his grant of IFP status in the latter action but denial of the same in the former and instant actions further demonstrates Magistrate Judge Aboulhosn's lack of neutrality. [*See* ECF 21 at 6]. Such assertion is patently meritless inasmuch as the claims alleged in 5:26-cv-00281 are wholly distinguishable than those asserted in his other two actions thus negating any contention that all rulings should produce the same result.

'wide latitude' and 'meaningful discretion' upon district courts."). It is a necessary part of § 1915's gatekeeping function to scrutinize the allegations asserted in the complaint to determine whether the plaintiff has alleged a cognizable claim. This includes identifying applicable defenses and principles of law that would serve to defeat the claims alleged, as well as determining whether the named defendants are amenable to suit. Indeed, the primary purpose of the frivolous inquiry under § 1915 is to "ensure[ ] that federal resources [are] not . . . wasted on baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Id*. at 255.

At bottom, mere disagreement with judicial rulings and unsupported, irrational, or highly tenuous allegations of bias, without more, are insufficient to justify recusal. *Cherry*, 330 F.3d at 665.[4] The Court thus **FINDS** Mr. Ahnend's allegations of judicial misconduct and bias against Magistrate Judge Aboulhosn are unsupported and thus insufficient to raise the appearance of any impropriety to a reasonable observer.

## IV.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Ahnend's Objections [**ECF 13**], **ADOPTS** the PF&R [**ECF 11**], **DENIES** Mr. Ahnend's Application to Proceed Without Prepayment of Fees or Costs [**ECF 1**], **DENIES** Mr. Ahnend's Motions for Recusal and Disqualification of Magistrate Judge Aboulhosn [**ECF 14, 21**], **DISMISSES** Mr.

---

[4] The Court **GRANTS** Mr. Ahnend's Motion to Seal [**ECF 22**] insofar as it seeks to seal his private medical records [**ECF 10-2**] containing his personal identifying information attached to his Proposed Amended Complaint and **DIRECTS** the Clerk to file the original exhibit [**ECF 10-2**] under seal pending further order of the Court. To the extent Mr. Ahnend also moves to seal the entirety of his Proposed Amended Complaint, that request is **DENIED** inasmuch as it is integral to the analyses contained in the PF&R and herein.

Ahnend's Complaints [**ECF Nos. 2, 7, 10**] without prejudice and **REMOVES** this matter from the docket.[5]

   The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

       ENTER: June 25, 2026

          Frank W. Volk
          Chief United States District Judge

---

[5] Considering these rulings Mr. Ahnend's Motions to Consolidate [**ECF Nos. 15, 16, 17**], Motion for Appointment of Pro Bono Counsel [**ECF 18**], and Emergency Motion to Stay All Proceedings [**ECF 20**] are **DENIED AS MOOT**.